## J. T. WALKER, Respondent, v. J. F. VAUGHN, Appellant.

### Springfield Court of Appeals, May 2, 1910.

APPELLATE PRACTICE: Defective Abstract: Bill of Exceptions. Where appellant's abstract failed to show that the motion for a new trial or the instruction submitted to the trial court were incorporated in the bill of exceptions, the matters of exception were not before the appellate court for review.

Appeal from Christian Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*G. Purd Hays* and *W. A. Long* for appellant.

*Len Walker, S. E. Bronson* and *G. A. McCafferty* for respondent.

On respondent's motion to dismiss appellant's appeal or affirm the judgment, we submit the following authorities: Lawson v. Mills, 150 Mo. 428; State v. Harris, 121 Mo. 445; State v. Ryan, 120 Mo. 88; Western Storage Co. v. Glasuer, 150 Mo. 426; St. Charles v. Deemer, 172 Mo. 122; Walner v. Wade, 124 Mo. App.

Walker v. Vaughn.

496; Paxson v. Drayage Co., 55 Mo. App. 556; Hodstadt v. Daggs, 49 Mo. App. 157; Brand v. Cannon, 118 Mo. 595; State v. Chaney, 49 Mo. App. 511; Travis v. Insurance Co., 47 Mo. App. 482; Smith v. Johnson, 107 Mo. 494.

GRAY, J.—This suit was instituted before a justice of the peace in Christian county, to recover a commission of one hundred dollars, which plaintiff claimed was due him for finding a purchaser for defendant's property.

The cause was appealed to the circuit court and judgment rendered in favor of the plaintiff, from which defendant appealed to the St. Louis Court of Appeals, and the cause is here on transfer by that court.

The respondent filed a motion to dismiss the appeal for failure of appellant to comply with the laws and rules relating thereto. After this motion was filed, the appellant filed a supplemental abstract of the record, and in passing upon respondent's motion, we have considered this supplemental abstract. While the supplemental abstract shows the filing of the bill of exceptions, the motion for new trial or none of the instructions submitted to the trial court, are in the bill. It is so well known that matters of exceptions must be preserved in the bill of exceptions, that it is not necessary to cite authorities in support thereof.

We have examined the record and find the petition states a cause of action, the judgment is in due form, and no errors of record appear, and as matters of exception are not before us, it becomes our duty to affirm the judgment, and the same is accordingly done. All concur.